

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-2-2009

# Feigenbaum v. Merrill Lynch & Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3573

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Feigenbaum v. Merrill Lynch & Co" (2009). *2009 Decisions.* Paper 1945.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1945

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3573

LYNNE FEIGENBAUM,
                                        Appellant

v.

MERRILL LYNCH & CO., INC. BASIC LONG TERM
DISABILITY PLAN and its PLAN ADMINISTRATOR;
MERRILL LYNCH & CO., INC. SUPPLEMENTAL LONG
TERM DISABILITY PLAN and its PLAN ADMINISTRATOR;
METROPOLITAN LIFE INSURANCE CO.; PLAN ADMINISTRATORS
of the MERRILL LYNCH RETIREMENT PLAN, HEALTH
INSURANCE PLAN, AND LIFE INSURANCE PLAN;
MERRILL LYNCH & CO., INC; CORPORATIONS 1-30, fictitious defendants

Amended per Clerk's Order dated 10/1/07

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 06-cv-01075)
District Judge:  The Honorable Faith S. Hochberg

Argued:  January 15, 2009

Before: SLOVITER, BARRY, and SILER, JR.,[*] Circuit Judges

(Opinion Filed: February 2, 2009)

_____

[*]  The Honorable Eugene E. Siler, Jr., Senior Circuit Judge, United States Court of
Appeals for the Sixth Circuit, sitting by designation.

Kevin E. Barber, Esq. (Argued)
Niedweske Barber
98 Washington Street
Morristown, NJ 07962

Counsel for Appellant


Randi F. Knepper, Esq. (Argued)
McElroy, Deutsch, Mulvaney & Carpenter
100 Mulberry Street
Three Gateway Center
Newark, NJ 07102-0000

Counsel for Appellees

_____

OPINION

_____


BARRY, Circuit Judge

Appellant Lynne Feigenbaum, a former employee of appellee Merrill Lynch &
Co., Inc., participated in Merrill Lynch's ERISA-based Basic and Supplemental Long
Term Disability Plans. At times relevant to this appeal, Merrill Lynch, as the plan
administrator, delegated responsibility for claims administration to appellee Metropolitan
Life Insurance Co. Feigenbaum applied for and received benefits under both plans in
2001. After an independent physician review in December 2003, MetLife terminated her
benefits, finding, among other things, that she had failed to submit documentation of an

2

impairment that would prevent her from her work as a financial analyst. After Feigenbaum's appeal of this decision was denied, she filed suit under 29 U.S.C. § 1132(a)(1)(B). Following limited discovery and extensive argument on the cross-motions for summary judgment, by Opinion and Order dated August 2, 2007, the District Court granted defendants' motion.

We, too, have heard extensive argument and have considered the parties' written submissions, including those addressed to the fairly recent decision of the Supreme Court in Metropolitan Life Insurance Co. v. Glenn, 128 S. Ct. 2343 (2008), with its "combination-of-factors method of review." Suffice it to say that the evidence that Feigenbaum's reported vertigo has a physiological basis supporting the presence of a significant balance disorder preventing full-time work was sparse. Moreover, Feigenbaum failed to submit any additional medical documentation in support of her appeal from the termination of benefits. We conclude, therefore, that the decision to terminate those benefits was not so close that any alleged procedural errors unaddressed by the District Court might tip the scales in favor of reversal or were other than harmless. As the Eighth Circuit concluded in a similar case which hewed closely to Glenn, "there is not a sufficiently close balance for the conflict of interest to act as a tiebreaker in favor of finding that [MetLife] abused its discretion." Wakkinen v. UNUM Life Ins. Co. of Am., 531 F.3d 575, 582 (8th Cir. 2008).

We will affirm the judgment of the District Court.